# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-143-FDW-DCK

| | |
|---|---|
| DONNETTA COOK-THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion for Summary Judgment" (Document No. 15) and "Defendant's Motion To Dismiss For Failure To Comply With Court Order" (Document No. 17). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that both pending motions be denied without prejudice.

Plaintiff filed this action on April 10, 2009, on behalf of her son AT, seeking review of a decision of the Commissioner of Social Security denying benefits. (Document No. 2). On May 6, 2009, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Document No. 5). The Court then issued its "Pretrial Scheduling Order" (Document No. 9) ordering that Plaintiff "file a Motion for Summary Judgment and Supporting memorandum of law within 60 days" and that the Commissioner file a memorandum of law in opposition within 60 days of service of Plaintiff's motion and supporting memorandum.

On September 16, 2009, Plaintiff filed an "Extension Of Time For Motion For Summary

Judgment" (Document No. 10). The Court granted the extension, up to and including October 30, 2009, and noted that the evidence the Court may review in this matter would be limited to evidence considered by the Administrative Law Judge. (Document No. 12).

On January 5, 2010, Plaintiff filed a brief letter (Document No. 15) that the Clerk's office recorded on the docket as a "Motion for Summary Judgment." This "motion" fails to state with particularity the grounds for a motion, the relief sought, or to include any brief or memorandum of law in support, as required by Local Rule 7.1 and the "Pretrial Scheduling Order" (Document No. 9). Defendant filed its "...Motion To Dismiss For Failure to Comply With Court Order" (Document No. 17) on January 19, 2010.

The undersigned respects Defendant's position and advocacy, however, out of an abundance of consideration of the Plaintiff's status as a *pro se* litigant and apparent confusion regarding the Court's expectations, will respectfully recommend that both pending motions be denied without prejudice and that Plaintiff be allowed one final extension of time to file a motion for summary judgment and memorandum in support.

**IT IS, THEREFORE, RECOMMENDED** that Plaintiff's "Motion for Summary Judgment" (Document No. 15) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Court *sua sponte* allow Plaintiff one more extension of time, until on or before **April 9, 2010,** to file a motion for summary judgment and memorandum of law in support, and that Defendant file its opposition within 60 days of service thereof.

**IT IS FURTHER RECOMMENDED** that "Defendant's Motion To Dismiss For Failure To Comply With Court Order" (Document No. 17) be **DENIED WITHOUT PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir.2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir.1989); United States v. Rice, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir.2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir.1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for the Defendant, and the Honorable Frank D. Whitney.

**IT IS SO RECOMMENDED**.

Signed: March 10, 2010

David C. Keesler
United States Magistrate Judge