IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-CV-143-FDW-DCK

| | |
|---|---|
| DONNETTA COOK-THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's correspondence to the undersigned filed April 9, 2010, docketed as a "Motion For Summary Judgment" (Document No. 22); and "Defendant's Motion To Dismiss For Failure To Comply With Court Order Dated April 29, 2010" (Document No. 24). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion to Dismiss be granted.

Plaintiff filed this action on April 10, 2009, on behalf of her son AT, seeking review of a decision of the Commissioner of Social Security denying benefits. (Document No. 2). On May 6, 2009, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Document No. 5). The Court then issued its "Pretrial Scheduling Order"ordering that Plaintiff "file a Motion for Summary Judgment and Supporting memorandum of law within 60 days" and that the Commissioner file a memorandum of law in opposition within 60 days of service of Plaintiff's motion and supporting memorandum. (Document No. 9).

On September 16, 2009, Plaintiff filed an "Extension Of Time For Motion For Summary Judgment" (Document No. 10).  The Court granted the extension, up to and including October 30, 2009, and noted that the evidence the Court may review in this matter would be limited to evidence considered by the Administrative Law Judge.  (Document No. 12).

On January 5, 2010, Plaintiff filed a one paragraph letter that the Clerk's office docketed as Plaintiff's "Motion for Summary Judgment." (Document No. 15). In a "Memorandum And Recommendation" filed March 11, 2009, the undersigned observed that "[t]his 'motion' fails to state with particularity the grounds for a motion, the relief sought, or to include any brief or memorandum of law in support, as required by Local Rule 7.1 and the "Pretrial Scheduling Order" (Document No. 9)."  (Document No. 20).  The undersigned then "out of an abundance of consideration of the Plaintiff's status as a pro se litigant and apparent confusion regarding the Court's expectations" recommended that "Plaintiff be allowed one final extension of time to file a motion for summary judgment and memorandum in support."  (Document No. 20).

Plaintiff filed a brief letter to the undersigned on March 17, 2010, stating that she had received the Court's "Memorandum and Recommendation" (Document No. 20), had "no objections to the recommendations and memorandum" and that she fully understood the April 9, 2010 deadline to file a renewed "Motion for Summary Judgment and memorandum of law in support." (Document No. 21).

On April 9, 2010, Plaintiff then filed another brief note addressed to the undersigned providing that she was "writing to request a motion for summary judgment" and including "additional documentation for consideration."  (Document No. 22).  The Court docketed this correspondence and its fifty-nine (59) pages of attachments as a "Motion for Summary Judgment." (Document Nos. 22, 22-1).

2

On April 29, 2010, the Honorable Frank D. Whitney issued an "Order" accepting and adopting the undersigned's first "Memorandum And Recommendation" (Document No. 20) and ordering that "Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED WITHOUT PREJUDICE." (Document No. 23).

"Defendant's Motion To Dismiss For Failure To Comply With Court Order Dated April 29, 2010" (Document No. 24) was filed on June 8, 2010. Defendant's motion recites the history of this case and simply points out that Plaintiff's second "Motion for Summary Judgment" (Document No. 22) has failed to comply with the Courts's previous order. The undersigned agrees.

Plaintiff's currently pending "Motion for Summary Judgment" fails to comply with the undersigned's March 10, 2010 "Memorandum and Recommendation" (Document No. 20) and the Court's April 29, 2010 "Order" (Document No. 23) directing Plaintiff to "file a motion for summary judgment and memorandum of law in support." Plaintiff's motion once again fails to state with particularity the grounds for the motion, the relief sought, or to include any brief or memorandum of law in support, as required by Local Rule 7.1 and the "Pretrial Scheduling Order" (Document No. 9).

The undersigned is sympathetic to the *pro se* Plaintiff's situation; nevertheless, even after being granted additional time to file a proper motion and memorandum in support, Plaintiff has either chosen to ignore, or failed to follow, the directions and requirements of the Court. Under the circumstances, the undersigned finds no further option other than to recommend that Plaintiff's motion be denied and Defendant's motion be granted.

**IT IS, THEREFORE, RECOMMENDED** that Plaintiff's "Motion for Summary Judgment" (Document No. 22) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that "Defendant's Motion To Dismiss For Failure To Comply With Court Order Dated April 29, 2010 " (Document No. 24) be **GRANTED**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for the Defendant, and the Honorable Frank D. Whitney.

**IT IS SO RECOMMENDED**.

Signed: August 20, 2010

David C. Keesler
United States Magistrate Judge