UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-CV-143-FDW-DCK

| | |
|---|---|
| DONNETTA COOK-THOMAS, )<br>O/B/O A.S.T., )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br> )<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on pro se Plaintiff's correspondence to the Court filed April 9, 2010, docketed as a "Motion for Summary Judgment" (Doc. No. 22); "Defendant's Motion To Dismiss For Failure To Comply With Court Order Dated April 29, 2010" (Doc. No. 24); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 25). Plaintiff filed a letter docketed as "Objections" to the M&R on September 8, 2010.[1] (Doc. No. 26). Defendant Commissioner filed a Reply to the "Objections" on September 14, 2010. (Doc. No. 27).[2] This matter is now ripe for review. For the reasons set forth, the Court ACCEPTS and ADOPTS the M&R (Doc. No. 25), and DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 22), and GRANTS Defendant's Motion to Dismiss (Doc. No. 24).

**I. STANDARD OF REVIEW**

The Federal Magistrate Act states that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th

---

[1] Defendant Commissioner challenges whether Plaintiff's objections were timely filed. Objections to the M&R were due on September 7, 2010. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Plaintiff's "objections" were docketed on September 8, 2010, and are deemed timely by this Court pursuant to Fed. R. Civ. P. 6(d).

[2] Plaintiff also filed a short "surreply" on September 28, 2010. It is the practice of this Court that surreplies are not allowed unless prior permission is given. Nonetheless, even if the Court were to consider Plaintiff's surreply, it would not change this ruling.

Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. The district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Id.

## II. DISCUSSION

As an initial matter, though Plaintiff's letter was docketed as "Objections," Plaintiff does not appear to make any specific objections to the M&R other than a general disagreement with the decision not to award disability benefits. In an articulate letter, pro se Plaintiff explains why she pursued the appeals process on behalf of her son. (Doc. No. 26). While the Court is very sympathetic to Plaintiff's situation, even construed liberally, the Court cannot identify any specific objection to the M&R findings and recommendations. In fact, Plaintiff acknowledges an option may be to re-file for benefits with the Social Security Administration, as the Defendant Commissioner suggests. As a result, this Court finds a de novo review is not required. See Diamond, 416 F.3d at 315.

The Court has also reviewed the record and finds that there is no clear error on its face. Plaintiff was given multiple opportunities, extensions, and instructions by the Court to file an appropriate summary judgment motion. In a previous attempt to file a motion, the Magistrate Judge pointed out that Plaintiff had failed to state with particularity the grounds for the motion, identify the relief sought, and failed to include a brief or memorandum of law. (Doc. 20 at 2). The Magistrate Judge recommended that Plaintiff have another opportunity to re-file a proper motion. Id. This Court adopted that M&R and allowed Plaintiff to re-file. (Doc. No. 23). Additionally, Plaintiff was also told that the evidence that may be considered by this Court is

contained within the administrative transcript. (Doc. No. 12 at 2). Despite all of this, Plaintiff has still failed to submit a proper motion. Instead, Plaintiff submitted a very short statement requesting summary judgment with a note that additional documentation is attached for consideration, all of which appears to be outside of the administrative record. (Doc. No. 22). Under these circumstances, the undersigned agrees with the M&R that there is no option other than to grant the Defendant's motion to dismiss and deny Plaintiff's motion.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that the Memorandum and Recommendation (Doc. No. 25) is hereby ACCEPTED and ADOPTED, Plaintiff's Motion for Summary Judgment is DENIED (Doc. No. 22), and Defendant's Motion to Dismiss is GRANTED. (Doc. No. 24).

The Clerk is directed to send copies of this Order to the *pro se* Plaintiff at her address of record and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: September 29, 2010

Frank D. Whitney
United States District Judge